United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40432
Conference Calendar
_____

JUAN ANDRES GUERRA,

                          Plaintiff-Appellant,

versus

ORLANDO PEREZ,

                          Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-540
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

     Juan Andres Guerra, Texas prisoner # 1016762, appeals the

dismissal of his pro se, in forma pauperis ("IFP") 42 U.S.C.

§ 1983 lawsuit for failure to state a claim upon which relief may

be granted.

     Guerra's brief provides no cogent argument that the district

court erred in dismissing his claims.  Although pro se briefs are

afforded liberal construction, see Haines v. Kerner, 404 U.S.

519, 520-21 (1972), even pro se litigants must brief arguments in

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

order to preserve them. <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Guerra does not address the bases for the district court's determination that the complaint failed to state a claim, he has abandoned any challenge to the dismissal on appeal. Accordingly, this appeal is DISMISSED as frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i); 5TH CIR. R. 42.2.

The district court's dismissal and this dismissal each count as one strike for purposes of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996). While this appeal was pending, this court affirmed the dismissal of another 42 U.S.C. § 1983 suit filed by Guerra that also had been dismissed by the district court for failure to state a claim. <u>See</u> <u>Guerra v. Thaler</u>, No. 02-21313 (5th Cir. June 24, 2003) (unpublished). The district court's dismissal in <u>Guerra v. Thaler</u> also counts as one strike for purposes of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba</u>, 103 F.3d at 387-88. Guerra now has accumulated three strikes, and he may not proceed <u>in forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED, THREE-STRIKES BAR IMPOSED.